THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KYUNG KIM, Defendant-Appellee.

First District (5th Division)   No. 1—99—3760

Opinion filed January 19, 2001.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Arleen C. Anderson, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

The defendant, Kyung Kim, a Korean national, was charged by indictment with armed robbery, aggravated kidnapping and attempted armed robbery. On defendant's motion, the trial court dismissed the indictment because of the prejudice that inured to defendant by reason of the failure of police to advise defendant during custodial detention of his right to communicate with consular officials of South Korea under the Vienna Convention on Consular Relations, April 24, 1963, art. 36, 21 U.S.T. 77 (Vienna Convention). The State has appealed from the dismissals. As defendant has not filed a brief, we consider the case only on the State's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976). For reasons that follow, we reverse.

Defendant came to the United States from South Korea in 1995 and testified at the hearing on the motion to dismiss the indictment that he speaks, reads and writes a "little" English but does not understand it. He further testified that while in custody he was interrogated by police in the Addison, Illinois, police station as well as the Niles police station without a translator being present. Further, he testified that he was directed to sign a form while in custody at both police stations and that defendant was unaware that he had a right to speak with the South Korean Consul General. He further testified that, had he been aware of such a right, he would have made appropriate contact with a consular official, who would have provided him with an interpreter and possibly counsel, and had these matters been explained to him he would not have made the inculpatory statements to which police officers testified.

Police officers and an assistant State's Attorney testified that they had given defendant his *Miranda* warnings in English and that they believed he understood the admonitions of these warnings.

These law enforcement officers and the assistant State's Attorney acknowledged that they did not provide the defendant with an understanding of his rights under article 36 of the Vienna Convention.

In support of defendant's motion, he cited to *United States v. Rangel-Gonzales*, 617 F.2d 529 (9th Cir. 1980), and *United States v. Lombera-Comorlinga*, 170 F.3d 1241 (9th Cir. 1999), for the proposition that where an alien has not been advised of his right to consult with a consular official and can establish that he was prejudiced by the violation, the appropriate remedy is to dismiss the indictment. The State maintained that, regardless of any appropriate remedy, defendant failed to establish actual prejudice.

Based upon the evidence presented, the trial court found that defendant did not ask to consult with the Korean consulate because he

was unaware of this right; that the purpose of such a consultation is to aid the defendant in dealing with his exposure by providing an interpreter, contacting his family and providing counsel; and that the defendant never contacted the Korean consulate in the eight months that the matter had been pending although he was aware of his right to do so. The trial court concluded that "prejudice" had been shown in the failure of the authorities to advise defendant of his rights under the Vienna Convention and that the appropriate remedy was dismissal of the indictment.

Initially, we note that the *United States v. Lombera-Comorlinga*, 188 F.3d 1177 (9th Cir. 1999), decision relied upon defendant below was withdrawn by the Ninth Circuit. Thereafter, in an *en banc* decision, the court held that even assuming a private right of action exists, there is nothing in the language or operation of the Vienna Convention provision to suggest that it was intended to create an exclusionary remedy with protections similar to those announced by the United States Supreme Court in *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966). We agree that to hold otherwise would out "mirandize" *Miranda*. Even if a defendant could show prejudice, as expressed in the deportation case of *Rangel-Gonzales*, the violation of the Vienna Convention does not warrant suppression of evidence or dismissal of the indictment as a remedy. *United State v. Li*, 206 F.3d 56 (1st Cir. 2000); *People v. Villagomez*, 313 Ill. App. 3d 799 (2000). In *Li*, the court observed that the State Department believed that the only remedies for failure of consulate notification under the Vienna Convention are diplomatic, political or those that exist between states under international law and that the Vienna Convention does not create individual rights. *Li*, 206 F.3d at 63.

In *Villagomez*, while the trial court determined that defendant had been appropriately advised of his fifth amendment rights, any violation of the obligations created by reason of the Vienna Convention did not create individual rights for a defendant. In *Villagomez* the court observed:

"We also note that the Convention does not expressly or impliedly provide for the suppression of statements or other evidence as a remedy where a police officer or other arresting authority fails to notify a foreign national of the right to contact the consulate. See *Tapia-Mendoza*, 41 F. Supp. 2d at 1255. Because of this, several courts have held that even if a defendant could show prejudice resulting from law enforcement authorities' failure to conform to the Convention, suppression of a statement or other evidence is not available as a remedy. *United States v. Li*, 206 F.3d 56 (1st Cir. 2000); *United States v. Torres-DelMuro*, 58 F. Supp. 2d 931 (C.D.

Ill. 1999); *United States v. Carrillo*, 70 F. Supp. 2d 854 (N.D. Ill. 1999); *United States v. Rodrigues*, 68 F. Supp. 2d 178 (E.D.N.Y. 1999). *** As shown in the discussion above, every court that has addressed this issue has held that any rights created by the Convention cannot be equated with constitutional rights, fundamental rights, or with rights under *Miranda*. It would therefore be illogical to extend the remedy of the exclusionary rule to violations of the Convention." *Villagomez*, 313 Ill. App. 3d at 812.

In *People v. Madej*, 193 Ill. 2d 395 (2000), our supreme court considered a defendant's petition for writ of *mandamus* and for relief under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1998)). The defendant based his petitions on the State's admitted violation of the Vienna Convention. The majority denied the defendant's petitions as they were not timely filed. Three justices dissented from this holding. However, even the dissenters said that the proper relief was to reverse for a new sentencing hearing (Justice McMorrow) or a new trial (Justices Heiple and Harrison). None of the Justices asserted that the case against the defendant should be dismissed and the State barred from retrying the defendant.

In its ruling, the trial court said it considered the fact that defendant testified that he needed an interpreter as another reason to require notification of the Korean consulate. In *Villagomez*, it was clear that the defendant had been notified of his *Miranda* rights in Spanish and that he acknowledged that he understood these rights and was willing to answer questions thus waiving those rights. In the instant case, defendant's testimony suggests that he may not have understood the important constitutional rights that he was waiving in giving a statement to police and acknowledging in writing that he understood the meaning and implications of his *Miranda* warnings.

An examination of the record indicates that defendant's understanding of English, his prior involvement in the criminal justice system, which would give him some knowledge of the system, and his interchange with the police officers and assistant State's Attorney are factors that undercut his claim. See *People v. Teran-Cruz*, 272 Ill. App. 3d 573 (1995). However, that is for the trial judge at a suppression hearing.

Accordingly, the judgment of the circuit court of Cook County is reversed and the matter remanded.

Reversed and remanded.

QUINN, P.J., and THEIS, J., concur.